**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-4877**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HENRY OBILO,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:09-cr-00047-TSE-1)

—————————

Submitted: December 21, 2010     Decided: January 26, 2011

—————————

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

John Iweanoge, II, IWEANOGE LAW CENTER, Washington, DC, for
Appellant.  Neil H. MacBride, United States Attorney, John
Eisinger, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Appellant Henry Obilo of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (2006). Obilo appeals his conviction, challenging the sufficiency of the evidence and the propriety of the jury instructions. He also argues his eighty-eight month sentence was unreasonable. For the reasons explained below, we affirm.

First, Obilo maintains the evidence adduced at trial was insufficient to support his conviction. When a defendant challenges the sufficiency of the evidence, this court considers whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). This court must sustain a verdict supported by substantial evidence. Glasser, 315 U.S. at 80. This court does not review the credibility of witnesses and assumes the jury resolved all contradictions in the testimony in favor of the government. United States v. Sun, 278 F.3d 302, 312 (4th Cir. 2002). Thus, "[a] defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).

To establish that an accused has committed conspiracy, the government must prove the following elements: (1) an agreement among the defendants to commit an illegal act; (2) knowing and willing participation by the defendants in the agreement; and (3) an overt act by the defendants in furtherance of the purpose of the agreement. United States v. Hedgepeth, 418 F.3d 411, 420 (4th Cir. 2005). Moreover, "[k]nowledge and participation in the conspiracy may be proved by circumstantial evidence." United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir. 1987).

At trial, three of Obilo's coconspirators testified as to the existence of the conspiracy and described the complex methods it used to achieve its goal of stealing funds from high balance home equity lines of credit. The witnesses also identified Obilo and described his involvement with the conspiracy. Further, two of the coconspirators and a law enforcement officer identified Obilo's voice on recorded telephone calls, during which Obilo was attempting to access bank accounts belonging to other people. Finally, one of the coconspirators testified that he delivered cash proceeds from the scheme to Obilo. Viewed in the light most favorable to the Government, this evidence establishes Obilo's guilt beyond a reasonable doubt.

Next, Obilo contends his conviction should be reversed because the district court refused to give the jury his proposed multiple conspiracy instruction. This court reviews "the district court's decision to give or refuse to give a jury instruction for abuse of discretion." United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009), cert. denied, 130 S. Ct. 1551 (2010). "A multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the appellant was] involved only in separate conspiracies unrelated to the overall conspiracy charged in the indictment." United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000) (internal quotation marks and citation omitted). We have thoroughly reviewed the record in this case, and conclude that it is devoid of evidence indicating Obilo was involved in only an unrelated conspiracy. Thus, we conclude the district court correctly refused his proposed jury instruction.

Last, Obilo argues the district court's imposition of an eighty-eight month sentence was unreasonable. This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the Guidelines range; (2) determine whether a sentence within that range serves the

4

factors set out in 18 U.S.C. § 3553(a) (2006); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473.

Here, the district court followed the necessary procedural steps in sentencing Obilo and properly calculated the Guidelines sentence. After the district court considered the relevant § 3553(a) factors and the parties' arguments, it imposed a variant sentence that was twenty months below the advisory Guidelines sentencing range. The district court varied downward in order to avoid imposing a sentence unnecessarily disparate from that of Obilo's coconspirators, but selected a sentence that still recognized Obilo's more culpable conduct. We have reviewed the record and conclude the district court did not abuse its discretion in fashioning Obilo's sentence.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED